## EBM Dev. Co., Ltd. v Electronic & Souvenirs Outlet, Inc.

2025 NY Slip Op 30043(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 154908/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** 33M |
| | *Justice* | |

-------------------------------------------------------------------X

EBM DEVELOPMENT CO., LTD.,

               Plaintiff,

        - V -

ELECTRONIC & SOUVENIRS OUTLET, INC., AVI
ARMOUTH-LEVY, MICHAEL ARMOUTH-LEVY

              Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154908/2021 |
| **MOTION DATE** | 11/29/2023 |
| **MOTION SEQ. NO.** | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88

were read on this motion to/for             **VACATE STAY**          .

Upon the foregoing documents, and a final submission date of May 14, 2024, Plaintiff EBM Development Co., Ltd.'s ("Plaintiff") motion to vacate the stay of the proceedings implemented by the Court's Decision and Order dated September 6, 2022 (Hon. Alexander Tisch, J.S.C.) and to discontinue this action against the deceased Defendant Michael Armouth-Levy ("Decedent") is granted.

## I.    Background

This is an action to recover rental arrears owed by Defendant Electronic & Souvenirs Outlet, Inc. ("Electronic") to Plaintiff, which the Defendants Avi Armouth-Levy ("Avi") and Decedent (collectively "Guarantors") jointly and severally guaranteed pursuant to a guaranty agreement dated October 13, 2013 (the "Guaranty") (*see* NYSCEF Docs. 1-4, and 82). The Defendants informed Plaintiff of Decedent's death in their Answer dated June 15, 2021 (NYSCEF Doc. 5). On September 23, 2021, Plaintiff moved for summary judgment against Electronic & Souvenirs Outlet, Inc. and Avi seeking, *inter alia*, to appoint a Temporary Administrator with

154908/2021   EBM DEVELOPMENT CO., LTD. vs. ELECTRONIC & SOUVENIRS OUTLET, INC. ET AL
Motion No. 002

Page 1 of 4

[* 1]

respect to the Decedent. That motion was denied without prejudice by the Hon. Alexander Tisch, J.S.C. on September 6, 2022, and this matter was stayed pending proper substitution of an estate representative for the Decedent (NYSCEF Doc. 81).

Plaintiff now moves to discontinue its action as to the Decedent. Plaintiff also seeks to vacate the stay implemented by the Court's Decision and Order dated September 9, 2022 pursuant to CPLR § 3217(b). Lastly, Plaintiff seeks permission to discontinue the branch of its motion for summary judgment seeking appointment of a temporary administrator and to proceed with said motion on all other grounds. Plaintiff asserts it is undisputed that the Decedent and Avi jointly and severally executed the Guaranty (NYSCEF Doc. 82). Plaintiff argues that vacating the stay will not prejudice Avi. Defendants argue in opposition that Plaintiff should not be allowed to discontinue an action because it would be improperly circumventing a prior order of the Court.

## II.    Discussion

CPLR § 3217(b) authorizes a court to grant a motion for voluntary discontinuance "upon terms and conditions, as the court deems proper" (*Bank of America, Nat. Ass'n v* Douglas, 110 Ad3d 452, 452 [1st Dept 2013]). The determination upon such an application is generally within the discretion of the court (*Id.*). A party ordinarily cannot be compelled to litigate, and absent "special circumstances" such as prejudice to adverse parties, a discontinuance should be granted (*Shepherd v Workmen's Circle Multicare Center*, 224 Ad3d 485, 486 [1st Dept 2024]).

Here, it is undisputed that the Guaranty is a valid contract pursuant to which the Guarantors jointly and severally undertook the obligation to pay any monetary defaults by Electronic. Such obligation as to Avi remains in effect regardless of Decedent's passing, as Avi knowingly and personally executed the Guaranty. The Defendants rely on *DuBray v Warner Bros. Records* to argue that Plaintiff is trying to circumvent a prior court order (236 A.D.2d 312 [1st Dept 1997]).

**154908/2021  EBM DEVELOPMENT CO., LTD. vs. ELECTRONIC & SOUVENIRS OUTLET, INC. ET**
**AL**
**Motion No. 002**                                                                **Page 2 of 4**

2 of 4

[* 2]

In *DuBray*, the party seeking to discontinue an action sought to do so to allow it to revive an action under New York State law in the courts of another state to reach a finding opposite to that of the New York State court (*Id.* at 314). In contrast, Plaintiff moves to discontinue an action which is stayed conditioned on the appointment of an administrator. The Court finds that Plaintiff's motion does not circumvent the prior court order. Moreover, the Defendants have not otherwise established a special circumstance or that they would be prejudiced should the action against Decedent be discontinued.

Thus, Plaintiff's motion to discontinue its action against Decedent is granted. It follows that the branch of Plaintiff's motion seeking appointment of a temporary administrator for the estate of the Decedent is moot. Furthermore, upon discontinuance of its action against the Decedent, Plaintiff's motion to vacate the stay implemented by the Court's Decision and Order dated September 6, 2022 is granted.

Accordingly, it is hereby

ORDERED that Plaintiff EBM Development Co., Ltd.'s motion to discontinue its action as against Defendant Michael Armouth-Levy is granted; and it is further

ORDERED that the branch of Plaintiff's motion for summary judgment seeking appointment of a temporary administrator for the estate of Defendant Michael Armouth-Levy is moot; and it is further

ORDERED that Plaintiff EBM Development Co., Ltd.'s motion for an Order vacating the stay of the proceedings implemented by the Court's Decision and Order dated September 6, 2022 is granted, and the stay is hereby vacated; and it is further

**154908/2021 EBM DEVELOPMENT CO., LTD. vs. ELECTRONIC & SOUVENIRS OUTLET, INC. ET AL**
*Motion No.* 002

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that on or before February 18 2025, the parties shall meet and confer and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33@nycourts.gov. In the event the parties are for some reason unable to agree to a proposed preliminary conference order, the parties shall appear for an in-person preliminary conference on February 19, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within 10 days of entry, Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on the Defendants via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/6/2025 | | | *My V Rosado JSC* |
| --- | --- | --- | --- |
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

154908/2021  EBM DEVELOPMENT CO., LTD. vs. ELECTRONIC & SOUVENIRS OUTLET, INC. ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]